# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 17-0280V
Filed: April 1, 2019
UNPUBLISHED

| | |
|---|---|
| CHERYL GILL,<br><br>     Petitioner,<br>v.<br><br>SECRETARY OF HEALTH<br>AND HUMAN SERVICES,<br><br>     Respondent. | Special Processing Unit (SPU);<br>Ruling on Entitlement; Causation-In-Fact; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine Administration (SIRVA) |

*Amy A. Senerth, Muller Brazil, LLP, Dresher, PA,* for petitioner.
*Mallori Browne Openchowski, U.S. Department of Justice, Washington, DC,* for respondent.

## RULING ON ENTITLEMENT[1]

**Dorsey**, Chief Special Master:

  On February 28, 2017, Cheryl Gill ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries as a result of her September 26, 2014 influenza ("flu") vaccination. Petition at 1-2. The case was assigned to the Special Processing Unit of the Office of Special Masters.

  On September 27, 2017, respondent filed a Rule 4(c) Report, contesting whether petitioner had shown that she experienced pain within 48 hours of receiving the flu vaccine. (ECF No. 18). On February 1, 2019, following a fact hearing, the undersigned issued a Factual Ruling, finding that "the onset of petitioner's left shoulder pain was

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

within forty-eight (48) hours of her September 26, 2014 influenza vaccination." (ECF No. 39 at 11).

On March 29, 2019, respondent filed an Amended Rule 4(c) Report in which he requested a ruling on the record. Respondent's Amended Rule 4(c) Report at 1. Specifically, respondent states that "[m]edical personnel at the Division of Injury Compensation Programs ("DICP"), Department of Health and Human Services, have reviewed the evidence filed in this case, as well as the Factual Ruling issued by the Chief Special Master. Recognizing that the Chief Special Master's factual finding that the onset of petitioner's shoulder injury occurred within forty-eight hours is the law of the case, respondent advises that he will not defend the case on other grounds during further proceedings before the Office of Special Masters. While preserving his right to appeal the Chief Special Master's February 1, 2019 Factual Ruling, respondent requests a ruling on the record regarding petitioner's entitlement to compensation." *Id.* at 2.

Respondent further states that he accepts this ruling as the law of the case for purposes of further proceedings and that "[i]n light of the Chief Special Master's fact ruling, and medical record evidence submitted in this case, DICP has concluded that if petitioner's claim were governed by the most recently amended Table, the Chief Special Master's factual findings would lead to a presumption that petitioner suffered SIRVA as defined by the Vaccine Injury Table. Specifically, petitioner had no recent history of pain, inflammation, or dysfunction of her right shoulder; the onset of pain occurred within 48 hours6 after receipt of an intramuscular vaccination; the pain was limited to the shoulder in which the vaccine was administered; and, no other condition or abnormality, such as brachial neuritis, has been identified to explain petitioner's left shoulder pain. 42 C.F.R. §§ 100.3(a), (c)(10). In addition, petitioner suffered the residual effects of her condition for more than six months. 42 U.S.C. § 300aa-11(c)(1)(D)(i). The revised Vaccine Table does not apply to this case and thus petitioner is not entitled to a presumption of causation; however, respondent will not expend further resources defending the case in light of the Chief Special Master's factual findings. Therefore, based on the record as it now stands and subject to his right to appeal the Factual Ruling, respondent requests that the Chief Special Master determine whether petitioner has established by a preponderance of the evidence that the vaccine more likely than not caused her to suffer a shoulder injury." Respondent's Amended Rule 4(c) Report at 7-8.

**In view of respondent's position and the evidence of record, the undersigned finds that petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

s/Nora Beth Dorsey
Nora Beth Dorsey
Chief Special Master